**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANDERSON JONES,<br><br>  Petitioner,<br><br>  vs.<br><br>LELAND McEWEN, WARDEN,<br><br>  Respondent. | CASE NO. ED CV 12-506-DMG (RZ)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report to which Petitioner and Respondent have objected.

Although Respondent takes no issue with the Magistrate Judge's recommendation that the petition be denied with prejudice, Respondent believes that the Magistrate Judge has misconstrued Petitioner's fifth claim for relief. In that claim, Petitioner, who is represented by counsel, alleges prosecutorial misconduct based, in part, on the prosecutor's decision to play a recording that had not been admitted at trial. In his Petition, Petitioner describes the recording as follows: "The recording in question consisted of a telephone conversation between Petitioner and his girlfriend during which, while not confessing, he expressed remorse for recent events." (Petition, Points and Auth.

1  at 26.)  Despite Petitioner's clear identification of the recording at issue, Respondent
2  maintains that Petitioner's claim actually involves a different recording.  Specifically,
3  Respondent contends that the claim centers around the portion of the prosecutor's closing
4  argument during which she played a recording of an interview with Petitioner's co-
5  defendant, who was tried separately from Petitioner.  (Objections at 2.)  In his direct
6  appeal, Petitioner alleged that the use of this portion of the recording constituted
7  prosecutorial misconduct because it was not admitted into evidence.  As such, Respondent
8  believes that his interpretation of Petitioner's claim better reflects the prosecutorial claim
9  addressed by the California Court of Appeal when it affirmed Petitioner's conviction.

10        The Magistrate Judge's Report properly and adequately addresses the claim
11 asserted by Petitioner.  Because Petitioner is represented by counsel, there is no need to re-
12 write Petitioner's claim, as Respondent urges the Court to do.  Regardless, even if the
13 Court was to consider the claim as set forth in Respondent's objections, that claim would
14 fail because the jury was admonished to disregard the offending portion of the videotape.
15 Absent extraordinary circumstances, a jury is presumed to follow an instruction to
16 disregard irrelevant or improper evidence inadvertently presented to it.  *Greer v. Miller*,
17 483 U.S. 756, 766 n.8, 107 S. Ct. 3102, 97 L. Ed. 2d 618 (1987).  Accordingly, when a trial
18 court timely admonishes the jury to disregard a prosecutor's improper comments, a due
19 process claim based on the purported impropriety will typically fail.  *See Greer*, 483 U.S.
20 at 765-66 (explaining that sequence of single question, immediate objection, and curative
21 instructions "clearly" indicated the prosecutor's improper question did not violate due
22 process); *Turner v. Marshall*, 63 F.3d 807, 817 (9th Cir. 1995) (noting that curative actions
23 by trial court when confronted by improper comments "are usually presumed to neutralize
24 damage such that any error was harmless"), *overruled on other grounds by Tolbert v. Page*,
25 182 F.3d 677 (9th Cir. 1999) (*en banc*).
26 ///
27 ///
28 ///

1  The Court, therefore, accepts the findings and recommendations of the
2  Magistrate Judge, with the following modification, *see* 28 U.S.C. § 636(b)(1)(C), which
3  is not material to the Court's decision:  at page 16, line 20, the word "the" is stricken and
4  replaced with the word "a."

6  DATED:  May 13, 2013

*(signature)*

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE