O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEVEN ANDERSON JONES,                )          CASE NO. ED CV 12-506-DMG (RZ)
                                      )
                  Petitioner,         )
                                      )          ORDER ACCEPTING FINDINGS AND
        vs.                           )          RECOMMENDATIONS OF UNITED
                                      )          STATES MAGISTRATE JUDGE
LELAND McEWEN, WARDEN,                )
                                      )
                  Respondent.         )
                                      )

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report to which Petitioner and Respondent have objected.

Although Respondent takes no issue with the Magistrate Judge's recommendation that the petition be denied with prejudice, Respondent believes that the Magistrate Judge has misconstrued Petitioner's fifth claim for relief. In that claim, Petitioner, who is represented by counsel, alleges prosecutorial misconduct based, in part, on the prosecutor's decision to play a recording that had not been admitted at trial. In his Petition, Petitioner describes the recording as follows: "The recording in question consisted of a telephone conversation between Petitioner and his girlfriend during which, while not confessing, he expressed remorse for recent events." (Petition, Points and Auth.

1  at 26.)  Despite Petitioner's clear identification of the recording at issue, Respondent

2  maintains that Petitioner's claim actually involves a different recording.  Specifically,

3  Respondent contends that the claim centers around the portion of the prosecutor's closing

4  argument during which she played a recording of an interview with Petitioner's co-

5  defendant, who was tried separately from Petitioner.  (Objections at 2.)  In his direct

6  appeal, Petitioner alleged that the use of this portion of the recording constituted

7  prosecutorial misconduct because it was not admitted into evidence.  As such, Respondent

8  believes that his interpretation of Petitioner's claim better reflects the prosecutorial claim

9  addressed by the California Court of Appeal when it affirmed Petitioner's conviction.

10        The Magistrate Judge's Report properly and adequately addresses the claim

11  asserted by Petitioner.  Because Petitioner is represented by counsel, there is no need to re-

12  write Petitioner's claim, as Respondent urges the Court to do.  Regardless, even if the

13  Court was to consider the claim as set forth in Respondent's objections, that claim would

14  fail because the jury was admonished to disregard the offending portion of the videotape.

15  Absent extraordinary circumstances, a jury is presumed to follow an instruction to

16  disregard irrelevant or improper evidence inadvertently presented to it.  *Greer v. Miller*,

17  483 U.S. 756, 766 n.8, 107 S. Ct. 3102, 97 L. Ed. 2d 618 (1987).  Accordingly, when a trial

18  court timely admonishes the jury to disregard a prosecutor's improper comments, a due

19  process claim based on the purported impropriety will typically fail.  *See Greer*, 483 U.S.

20  at 765-66 (explaining that sequence of single question, immediate objection, and curative

21  instructions "clearly" indicated the prosecutor's improper question did not violate due

22  process); *Turner v. Marshall*, 63 F.3d 807, 817 (9th Cir. 1995) (noting that curative actions

23  by trial court when confronted by improper comments "are usually presumed to neutralize

24  damage such that any error was harmless"), *overruled on other grounds by Tolbert v. Page*,

25  182 F.3d 677 (9th Cir. 1999) (*en banc*).

26  ///

27  ///

28  ///

1          The Court, therefore, accepts the findings and recommendations of the

2  Magistrate Judge, with the following modification, *see* 28 U.S.C. § 636(b)(1)(C), which

3  is not material to the Court's decision:  at page 16, line 20, the word "the" is stricken and

4  replaced with the word "a."

5

6  DATED:  May 13, 2013

7

8                                              _____

9                                DOLLY M. GEE
                             UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28